IT IS ORDERED

Date Entered on Docket: February 5, 2018

_____
The Honorable David T. Thuma
United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

BENJAMIN PARRA BENAVIDEZ, JR.                    Case No. 13-17-12350-TL
    Debtor.

**DEFAULT ORDER GRANTING HARLEY-DAVIDSON CREDIT CORP. RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY DESCRIBED AS A 2015 HARLEY-DAVIDSON FLSTC HERITAGE SOFTAIL CLASSIC, VIN: 1HD1BWV11FB022006**

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to Harley-Davidson Credit Corp., filed on December 29, 2017, (DOC 29) (the "Motion") by Harley-Davidson Credit Corp. ("Harley"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On December 29, 2017, Harley served the Motion and a notice of the Motion (the "Notice") on R Trey Arvizu III, Attorney for Debtor and Tiffany M. Cornejo, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor Benjamin Parra Benavidez, Jr., by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the property described as a 2015 Harley-Davidson FLSTC Heritage Softail Classic, VIN: 1HD1BWV11FB022006

(c) The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on January 22, 2018;

(f) As of January 31, 2018, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Harley certifies under penalty of perjury that, on the date this Order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Harley and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to it under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Harley need not name the Trustee as a defendant in any state court action it may pursue to foreclose liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, in the event that a discharge order is entered. The Debtor can be named as a defendant in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4. This Order does not waive Harley's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Harley may file an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtor owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: /s/Andrew Yarrington
ANDREW YARRINGTON
Attorney for Harley
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

Benjamin Parra Benavidez, Jr.
5967 Leaping Lizard Loop
Las Cruces, NM 88012

R Trey Arvizu III
Attorney for Debtor
P.O. Box 1479
Las Cruces, NM 88004-1479
575-527-8600
trey@arvizulaw.com


Tiffany M. Cornejo
Chapter 13 Trustee
625 Silver Avenue SW Suite 350
Albuquerque, NM 87102-3111
Telephone: 505-243-1335